UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                        CASE NUMBER: 2:24-CR-52

ANTHONY MAYERS

    Defendant.

## MOTION FOR BILL OF PARTICULARS

Comes now the Defendant Anthony Mayers, by counsel, Kerry C. Connor, and respectfully moves this Court pursuant to Fed.R.Crim.P. Rule 7(f) to direct the filing of a Bill of Particulars as to each count of the Superseding Indictment. The specific information requested is noted below. In support of this request, counsel states:

### Introduction.

The Sixth Amendment guarantees that 'in all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation.' U.S. Const. Amend VI.  Rule 7(f) of the Federal Rules of Criminal Procedure provides:

> (f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

1

The function of the Bill of Particulars is to provide the defendant with sufficient information about the charges in order to prepare an adequate defense and to protect the defendant against double jeopardy. *United States v. Glacier,* 923 F.2d 496, 502 (7th Cir. 1991). With the advent of the simplification of criminal pleadings, where the Superseding Indictment merely tracks the language of the statute, the Bill of Particulars has taken on an increased importance. In determining whether a Bill of Particulars is required, the Court should consider whether the Superseding Indictment sufficiently apprises the defendant of the charges in order to enable him to prepare a defense for trial. *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir. 1981); see also *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978) ("the test for whether a Bill of Particulars is necessary is whether the Indictment sets forth the elements of the offense charges and sufficiently apprises the defendant of the charges to enable him to prepare for trial"). Here, the government has issued a lengthy Superseding Indictment; yet, close analysis of Counts 1-5 reveal that the particular information that is required for notification of the charges against the defendant and for preparation of his defense, is lacking.

The need for a Bill of Particulars is of significant value and fairness in the case at bar. Beyond stating the elements of the offense, an indictment should "provide enough factual information to enable the defendant(s) to identify the conduct which the government intends to base its case." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); see also *Untied States v. Butler*, 822 F.2d 1191 (D.C. Cir. 1987) ("the purpose of a bill of particulars is to apprise the

defendant of the nature of the charges to ensure that he: (1) understands the charges; (2) can prepare a defense; (3) can avoid prejudicial surprise at trial; and (4) can be protected against retrial for the same offense"). As fully stated below, Mr. Mayers is without notice of the offense for which he is being charged, has no ability to defend against the allegations because of their generality, and has no protection from concerns of double-jeopardy; defense preparation becomes like hitting a moving target. A Bill of Particulars is appropriate "to provide the relevant 'criminal offense' at issue in [the] case." *United States v. Candiano*, 2006 U.S. Dist. LEXIS 5736 (N.D. Ind. Jan. 30, 2006).

I. Count 1, 18 U.S.C. §922(g)

Count 1 of the Superseding Indictment alleges violation of 18 U.S.C. §922(g), possession of a firearm by a felon. Though the Indictment charges the possession of a firearm occurred on November 29, 2023, no specific weapon is identified in the Count; the Count merely recites the language of the statute. The government's theory of the case and other information provided in discovery suggests that multiple people resided at the house at 2508 Jefferson Street, Gary, Indiana. Moreover, multiple firearms, four (4) in all, were alleged to have been seized from varying locations during the search of the premises. The Indictment gives no notice of what weapon the government is alleging was illegally possessed by the defendant.

The defendant therefore requests that the government provide in a Bill of Particulars the specific gun which it is claimed the defendant possessed on November 29, 2023.

II.     Count 2-5, 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1).

   A. **To give fair notice of the charged offense, the government must identify a date upon which Mayer's acted in violation of the statute.**

Each of Counts 2-5 allege that the defendant violated 18 U.S.C. §§ 1591(a) as to four (4) separate individuals. Each count lists a time-period in which some unnamed event(s) and/or act(s) occurred: Count 2, December 2019 to October 2022, a nearly 3-year period; Count 3, October 2021 to December 2021, a 3-month period; Count 4, September 2022 to November 2022, a 3-month period; Count 5, August 2023 to August 2024, a 1-year period.

   B. **To give fair notice of the charged offense, the government must identify Mayer's specific act(s) or event(s) by which he violated the statute.**

Even after thoroughly reading Mayer's Superseding Indictment, as to each of Counts 2-5, one cannot glean what specific criminal act Mr. Mayers committed in violation of the statute. The broad time ranges in the charging document – Count 2 and 5 spanning years – do nothing to notice the specific criminal act being prosecuted and little to no notice when the supposed criminal act occurred. The defense is left to guess Mayer's criminal act which occurred during as much of a three (3) year span.

In fact, each Count merely recites the elements of the offense found in 18 U.S.C. §1591(a)(1),[1] which provides in pertinent part:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special

---

[1] Though the Superseding Indictment cites 18 U.S.C. § 1591(a) generally, the language of the Superseding Indictment directly tracks § 1591(a)(1) and does not include the language of § 1591(a)(2).

4

> maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person ….
>
> * * *
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, . . shall be punished as provided in (b).

The face of the Superseding Indictment gives no indication of the actual event(s) and/or act(s) the defendant is alleged to have committed. Is the government alleging that the defendant recruited or enticed or harbored or transported or provided or obtained or advertised or maintained or patronized or solicited? Even individually, they must be combined with an act that evidences a means of force or threats of force or fraud or coercion. This is not merely a prostitution case; to prevail, the government must produce evidence of force, threats of force, fraud, and/or coercion. 18 U.S.C. §1591(a)(1). Generalized allegations made by reciting the statute give the defense no notice of what those acts of force, threats of force, fraud, and/or coercion are. This Superseding Indictment gives no notice of *how* the government believes Mayer's has violated the federal statute.

Moreover, here, the defense is faced with four (4) serious counts, each carrying a mandatory minimum sentence pursuant to 18 U.S.C. § 1591(b)(1) of 15 years. In all likelihood the primary evidence the government will rely on is the testimony of the four (4) alleged victims. Likely, the government prefers to be very general because testimony can be unpredictable. This is exactly why the Courts in

*Kendall, Roya, Fassnacht, and Butler*, required the government to provide specificity in the charging document – to avoid the defense from being put in the position of trying to hit a moving target. Therefore, Mr. Mayers requests the government be ordered to provide the following information in a form of a Bill of Particulars so that Mr. Mayers has proper notification of the charge against him, can adequately prepare to defend against the charges and can protect against the prospect of double jeopardy.

The Particulars requested for Counts 2-5 are:

1. What is the specific act of recruitment, enticement, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing and/or soliciting the government is relying on as to each of Counts 2-5?
2. What is/are the specific acts of force, threats of force, fraud, coercion, or any combination of such means against Individuals 1-4?
3. What is/are the specific date(s) that the government is alleging that the defendant used force, threats of force, fraud, coercion, or any combination of such means against Individuals 1-4?
4. What was the location that specific acts of force, threats of force, fraud, coercion, or any combination of such means against Individuals 1-4?

WHEREFORE the defendant, Anthony Mayers, requests that the Court order a Bill of Particulars from the government answering the above-noted inquiries as to the specific charges and conduct alleged to be in violation of the law as to each Count of the Superseding Indictment.

Respectfully submitted,

/s/ Kerry C. Connor
Kerry C. Connor
Attorney at Law
8320 Kennedy Avenue
Highland, IN 46322
Phone: (219) 972-7111
Fax: (219) 972-7110
kcconnor@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following to all counsel of record.

/s/ Kerry C. Connor
Kerry C. Connor