UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                  CASE NUMBER: 2:24-CR-52

ANTHONY MAYERS

    Defendant.

## MOTION TO SUPPRESS
## DEFENDANT'S STATEMENT

Comes now the Defendant, Anthony Mayers, by counsel Kerry C. Connor, and moves this Court for an Order suppressing the defendant's statement and all evidence, whether tangible or intangible, directly obtained or derived from his statement. In support of this Motion, counsel states:

I.     Introduction.

On November 29, 2023, at approximately 3:18 p.m., Anthony Mayers was arrested after a search warrant was executed on 2508 Jefferson Street Basement Apartment in Gary, Indiana. When the search warrant was served, there was a no-knock entry into the residence at 2508 Jefferson Street. Mr. Mayers reports that he was roughly taken to the ground, handcuffed and arrested. During his warrantless arrest, Mr. Mayers reports he was repeatedly hit and kicked by law enforcement, was tased and was further subjected to various comments about him "hitting women."

1

Though Individual 4 had specifically told law enforcement earlier that morning the dog on the premises was harmless and confined to a back room, law enforcement shot and killed Mr. Mayers dog. Mr. Mayers was transported, without shoes, to the Gary Police Department. Mr. Mayers reports that after he was put in a police vehicle, he was hit and tased again.

Mr. Mayers remained in the Gary City Jail for at least twenty-four hours, in very cold conditions, without seeing a magistrate and without proper clothing, including shoes. Prior to Mr. Mayer's arrest, Mr. Mayers reports, he had consumed excessive amounts of alcohol and ecstasy.

On November 30, 2023, Mr. Mayers was escorted to the Gary Police Department interrogation room. Present during the interrogation were Detective Olivia Vasquez and another detective. Approximately twenty-four (24) hours passed between Mr. Mayers arrest and his interrogation. Mr. Mayers arrived to the interrogation room, in handcuffs, with no shoes, and reportedly feeling the effects of the substances he had consumed prior to his arrest. He remained shoeless.

Before Detective Vasquez begins reviewing a *Miranda* waiver form with Mr. Mayers, she and Mr. Mayers discuss his current address. Mr. Mayers indicates an address different from 2508 Jefferson Street. Detective Vasquez then reads the *Miranda* waiver, line by line, to Mr. Mayers. At the conclusion of the reading of the waiver, Mr. Mayers declines to sign and requests to indicate so on the form. In response Detective Vasquez states "We are not going to play games. You are not going to refuse to sign. . . . If you sign it just means that I read it to you and you understand" Then Mr. Mayers attempts to initial the *Miranda* waiver. Detective

Vasquez responds: "Your signature is required on this line." Following the detective's instructions, Mr. Mayers signs and dates the form. Immediately, Detective Vasquez begins questioning Mr. Mayers regarding his address. The interview continues for over two (2) hours. Several times during the interview, Mr. Mayers expresses concern about returning to the jail cell. He expresses it is very cold there.

II. Legal Discussion.

    A. Anthony Mayers did not voluntarily, knowingly or intentionally waive his *Miranda* rights.

*Miranda v. Arizona*, 384 U.S. 436 (1966), excludes any incriminating response made to custodial interrogation unless the response was preceded by specified warnings of the defendant's rights and an effective waiver of those rights. It is the government's burden to show that the defendant made a voluntary, knowing, and intelligent waiver of the *Miranda* rights. *Edwards v. Arizona*, 451 US, 477, 482-84 (1981); see, e.g., *Garner v. United States*, 424 U.S. 648, 657 (1976) (dictum); *Fare v. Michael C.*, 442 US. 707, 724-27 (1979) (dictum); *United States v. Garibay*, 143 F.3d 534 (9th Cir. 1998); *United States v. Lall*, 607 F.3d 1277, 1282-84 (11th Cir. 2010). The decisive question is whether the respondent's "will [was] overborne and his capacity for self-determination critically impaired' because of coercive police conduct." *Colorado v. Spring,* 479 U.S. at 574.

It is clear from the recorded interview that Mr. Mayers did not want to sign the *Miranda* waiver. He initially refused to sign the form. However, Detective Vasquez specifically instructed Mr. Mayers that he "had" to sign the form. She also

3

misinformed Mr. Mayers that his signature on the form merely reflected that he understood his rights. The statement Mr. Mayers actually signed was a relinquishment of his rights. "The relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Colorado v. Spring*, 479 US. 564, 573 (1987) (dictum); *Moran v. Burbine*, 475 U.S. 412, 420 (1986) (dictum); *Fare v. Michael C.*, 442 USS. at 725.

"Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (dictum); *see Colorado v. Spring*, 479 U.S. 564, 573-74 (1987) (dictum). In this case, it is difficult to conclude that Mr. Mayers was not coerced into waiving his *Miranda* rights when the detective informed him that he had no other choice, he "had" to do so. Moreover, the detective misinforming Mr. Mayers of the meaning of the statement he was actually signing, completely undermines the requirement of "requisite level of comprehension." *Spring*, 479 U.S. at 573-74.

B. Anthony Mayers statement was not voluntary.

When a defendant challenges the voluntariness of his confession, the government bears the burden of proving the voluntariness of a defendant's statement by a preponderance of the evidence. *Lego v. Towmey*, 92 S. Ct. 619 (1972). "A confession is voluntary if, in the totality of circumstances, it is the product of rational intellect and free will and not the result of physical abuse,

4

psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will." *United States v. Gillaum*, 372 F.3d 848, 856 (7th Cir. 2004) (internal quotations and citation omitted). "Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 107 S. Ct. 515 (1986). "We analyze coercion from the perspective of a reasonable person in the position of the suspect," *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001), and consider the following factors: "the defendant's age, education, intelligence level, and mental state; the length of the defendant's detention; the nature of the interrogations; the inclusion of advice about constitutional rights; and the use of physical punishment, including deprivation of food or sleep." *Id.*

Law enforcement entered Mr. Mayers' home without warning. He was immediately arrested, despite there being no warrant for his arrest. According to Mr. Mayers, he was physically abused by officers, tased at least twice, while being verbally abused. Despite knowledge that the dog on the property was kept in a separate area and had no aggressive tendencies, Mr. Mayer's dog was shot and killed by police. The violent killing of Mr. Mayers dog, compounded by Mr. Mayers experiencing a significantly violent and frightening circumstance himself, certainly would have left even the most reasonable person in fear.

Mr. Mayers was then transported to Gary City Jail, without shoes, without a jacket or proper clothing. He was forced to endure his circumstances for approximately twenty-four (24) hours before he was brought into the interview

5

room. Then Mr. Mayers was misled, at best, into signing the *Miranda* waiver. Mr. Mayers concern about returning to the cold jail cell is underscored by the fact that during the more than two-hour interview with the detectives, he repeatedly expressed concern about being forced to return downstairs to his cell and just wanted to go home. Mr. Mayers challenges the voluntariness of his waiver and statement to law enforcement.

III. Conclusion.

For the foregoing reasons, the defendant seeks suppression of the defendant's statement and all evidence, whether tangible or intangible, directly obtained or derived from his statement. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

Respectfully submitted,

/s/ Kerry C. Connor
Kerry C. Connor
Attorney at Law
8320 Kennedy Avenue
Highland, IN 46322
Phone: (219) 972-7111
Fax: (219) 972-7110
kcconnor@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following to all counsel of record.

/s/ Kerry C. Connor
Kerry C. Connor

6